**XIAO ZHEN CHEN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–6484–ag.

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Gang Zhou, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney, Southern District of New York, Rebecca C. Martin, Assistant United States Attorney, New York, NY, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Xiao Zhen Chen, through counsel, petitions for review of the BIA decision sum-

---

marily affirming the decision of Immigration Judge ("IJ") Barbara Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case. The Government moves for remand, and in the alternative, extension of time to file its brief.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Chen argues that the BIA violated his right to due process by affirming the IJ's decision where the IJ (1) improperly excluded from consideration Chen's submitted baggage and airline tickets that bear directly on the one-year issue; and (2) improperly relied on country condition material that was never admitted into evidence nor properly cited or referenced for the purposes of judicial review or appeal.

The IJ determined, and the BIA agreed, that Chen failed to show by clear and convincing evidence that he filed his asylum application within one year of his arrival in the United States. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). However, this Court retains jurisdiction to review constitutional claims and matters of statutory construction under 8 U.S.C. § 1252(a)(2)(D). *See Xiao Ji Chen v. U.S. Dept. of Justice*, 434 F.3d 144, 152 (2d Cir.2006). Chen argues that the IJ violated his right to due process by failing to adequately consider a passenger ticket and baggage check issued by Gulf Air in May 2001 and an airline ticket issued by China Eastern Airlines issued in August 2001, each of which falls within one year of the Chen's filing of his asylum application in March 2002. Mere evidentiary errors that do not affect the fundamental fairness of the proceedings do not implicate due process. We perceive no such errors.

In determining that Chen did not establish that his asylum application was timely, the IJ stated:

[Chen] has offered only photocopies of certain documents relating to the one year issue. He has offered a photocopy of a ticket from Gulf Air. It's relevance doesn't seem to be substantial as this was issued in May and doesn't seem to relate to [Chen's] trip to the United States. He [ ] also offered a photocopy of a ticket from Eastern China Airlines from August of 2001. [Chen] has not offered the ticket that he used to fly from Shanghai to the United States though he indicates that he flew from Shanghai to Los Angeles on Eastern China Airlines.

The IJ explicitly discussed both pieces of evidence specified by Chen; the record thus indicates that she adequately considered these documents. Chen contends that the IJ mischaracterized the Gulf Air ticket submission as a photocopy as opposed to an original. However, as the IJ's finding with respect to this ticket related to its relevance and not its weight, and the fact that she erroneously viewed it as a photocopy was inconsequential to her decision.

Since the agency did not violate Chen's right to due process, and this Court does

not have jurisdiction to review the merits of the agency's finding that Chen's application was untimely. 8 U.S.C. § 1158(a)(3) (2005); *Xiao Ji Chen*, 434 F.3d at 155. The IJ's denial of asylum based on the one-year bar stands, and an analysis of whether the IJ denied Chen due process by failing to put in evidence or take adequate administrative notice of Chinese country condition materials in making her alternative finding on his asylum claim is unnecessary.

Because Chen failed to address the IJ's denial of withholding of removal and relief under the CAT, he has waived any challenge to those findings. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Accordingly, the government's motion for remand and for extension of time is also DENIED as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).